[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 29, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16705
Non-Argument Calendar
_____

D. C. Docket No. 03-00056-CR-FTM-29-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFFERY ALAN READON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 29, 2006)

Before ANDERSON, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Jeffery Alan Readon appeals his 151-month sentences for conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(B); possession with intent to distribute 5 grams or more of "crack" cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B); and possession with intent to distribute 500 grams or more of "crack" cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B).  Readon asserts his sentence is unreasonable because the district court failed to consider the sentencing disparity between crack and powder cocaine offenses.  We conclude Readon's sentence is reasonable, and affirm.

Sentences imposed under an advisory Guidelines system are reviewed for reasonableness.  *United States v. Booker*, 125 S. Ct. 738, 765 (2005).  The district court must first correctly calculate the defendant's Guidelines range, then, using the 18 U.S.C. § 3553(a) sentencing factors, the court may impose a more severe or lenient sentence as long as it is reasonable.  *United States v. Crawford*, 407 F.3d 1174, 1179 (11th Cir. 2005).  The § 3553(a) factors include the available sentences, the applicable Guidelines range, the nature and circumstances of the offense and the defendant's history and characteristics, and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.  18 U.S.C. § 3553(a); *United States v.*

2

*Winingear*, 422 F.3d 1241, 1246 (11th Cir. 2005). "Congress's decision to punish crack cocaine offenders more severely than powder cocaine offenders is plainly a policy decision." *United States v. Williams*, 456 F.3d 1353, 1367 (11th Cir. 2006). As "[f]ederal courts are not at liberty to supplant this policy decision," the district court may not consider the disparity between crack and powder cocaine in its consideration of 18 U.S.C. § 3553(a). *Id.*

Readon does not contest the district court's calculation of his Guidelines range, but only argues the district court failed to appreciate its ability to sentence him below that range. The district court specifically stated the Guidelines were advisory. Further, it expressly considered the factors Readon asserted as mitigating evidence. The court's explanation for Readon's sentence, which was within the applicable Guidelines range, evidenced its consideration of § 3553(a) factors, including the nature and circumstances of the offense, the seriousness of the offense, just punishment, and the history and characteristics of the defendant. The district court correctly refused to consider the disparity in sentences between crack and powder cocaine offenses in determining whether Readon's sentence was reasonable, as the crack and powder cocaine disparity is an impermissible

sentencing factor. *See Williams*, 456 F.3d at 1367. We conclude that Readon's sentence is reasonable.

**AFFIRMED.**